**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| REBECCA R. BUDDE d/b/a REBECCA RIVERS,<br><br>Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-00800<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes REBECCA R. BUDDE d/b/a REBECCA RIVERS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Monroe County, Indiana, which falls within the Southern District of Indiana.

5. Defendant promotes itself as "a leading provider of account recovery and debt collection, customer relationship management and healthcare revenue cycle management solutions."[1] Defendant is a limited liability company organized under the laws of the State of Minnesota and it maintains its principal business at 7831 Glenroy Rd., Suite 250, Edina, Minnesota 55439-5543. Defendant regularly collects upon consumers nationwide, including those located in the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon personal student loans ("subject debt") that Plaintiff allegedly owes.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. Around early 2021, Defendant began its collection campaign by telephonically contacting Plaintiff.

10. Upon speaking with Defendant, Plaintiff was informed of its status as a debt collector and of its intent to collect the subject debt.

11. When speaking with Plaintiff, Defendant misrepresented its collection efforts towards Plaintiff.

---

[1] https://www.radiusgs.com/about-us/

12. Moreover, Defendant falsely stated that it could not remove Plaintiff's cellular phone from its system.

13. Accordingly, Plaintiff became frustrated and confused over Defendant's conduct and spoke with her attorneys regarding her rights.

14. Plaintiff was unnecessarily harassed by Defendant's actions.

15. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies contact with debt collectors, and emotional distress.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

18. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

19. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of the FDCPA § 1692e**

21. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

23. Defendant violated 15 U.S.C. §§ 1692e and e(10) by employing deceptive tactics to collect and/or attempt to collect upon the subject debt. Specifically, it was deceptive for Defendant to misrepresent its collection efforts towards Plaintiff and falsely state that it could not remove her phone number from its system. Defendant's actions only served to worry and confuse Plaintiff.

**b. Violations of FDCPA § 1692f**

24. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

25. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt. Any reasonable fact finder will conclude that Defendant's misrepresentations were unfair and unconscionable debt collection tactics designed to exert undue pressure on Plaintiff.

WHEREFORE, Plaintiff, REBECCA R. BUDDE d/b/a REBECCA RIVERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 1, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com